UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                                Chapter 11 Case

DEL VALLE IMPORT, LLC,                                              Case No. 25-10078-PDR

                Debtor.
_____/

## OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY COUNSEL

JFUN AR I, LLC f/k/a Silo Technologies, Inc. ("Silo"), by and through undersigned counsel and pursuant to 11 U.S.C. §§ 101(14) and 327(a), Federal Rule of Bankruptcy Procedure 2014(a), files this objection to the *Application to Employ Counsel for the Debtor* [ECF No. 41] (the "Application"), filed by Del Valle Import, LLC ("Debtor"), showing the Court as follows:

### INTRODUCTION

Proposed counsel for the Debtor currently represents both the Debtor (a Florida limited liability company), and the Debtor's owner/principal, Ms. Yasmin-Katerine Molina-Loor, individually ("Ms. Molina"), in separate chapter 11 cases pending before this Court.[1] As set forth herein, this dual representation creates an actual and disabling conflict of interest, as proposed counsel cannot simultaneously fulfill fiduciary duties to the Debtor's corporate estate while also advancing Ms. Molina's competing, personal interests in a separate bankruptcy. Given that proposed counsel has failed to demonstrate that she is (a) disinterested under 11 U.S.C. § 101(14), and (b) eligible for employment under § 327(a), the Application should be denied.

---

[1] These cases are styled *In re: Del Valle Import LLC*, case no. 25-10078-PDR (the instant case) and *In re: Yasmin-Katerine Molina-Loor*, case no. 25-10080-PDR.

**BACKGROUND**

1. On January 6, 2025, the Debtor filed a voluntary Chapter 11 bankruptcy petition. The Debtor is a fruit import and export company which purports to be owned, operated, and managed by Ms. Molina.

2. Conspicuously, the bankruptcy petition was neither signed nor filed by an attorney.

3. On April 1, 2025, the Debtor filed the Application, therein seeking Court authority to employ the Law Offices of Alla Kachan, P.C. ("Kachan Law Office") as its chapter 11 bankruptcy counsel.

4. On May 6, 2025, attorney Alla Kachan, Esq.[2] filed her *Affidavit of Disinterestedness of Attorney* [ECF No. 57] (the "Affidavit") in support of the Application, therein proclaiming her/Kachan Law Office's disinterestedness in representing the Debtor.[3]

5. The assertion of disinterestedness proclaimed in the Affidavit is based on the following:

> Yasmin Molina is a personal guarantor under several merchant cash advance loans, the lease agreement for the office premises, certain business credit cards that were taken by the Debtor, Del Valle Import LLC We believe that the interests of Del Valle Import LLC, are aligned and not adverse to one another in any way, and thus the simultaneous representation of Del Valle Import LLC and Yasmi Molina, does not in any way create a conflict of prejudice any party in interest, but rather affords all Debtor an opportunity to reach a global resolution of the joint and several liabilities thereof. (sic)

See Affidavit [ECF No. 57, at para. 4(c).

---

[2] Ms. Kachan has been admitted *pro hac vice* in this case. See ECF No. 17.

[3] Also on May 6, 2025, attorney Alla Kachan filed a nearly identical Affidavit of Disinterestedness of Attorney in Ms. Molina's chapter 11 case. See case no. 25-10080-PDR, at ECF No. 74.

6. Despite this assertion of disinterestedness, the Debtor schedules no lease for use of an office premises. See Schedule A/B [ECF No. 1]. No lease was produced by the Debtor in response to Silo's Rule 2004 request for production of documents.

7. Further, the Debtor does not schedule any business credit card debt. The only scheduled creditors/debt are: (i) EHB Capital (owed $63,080.00 under a Factoring Agreement), (ii) Lam Mao Segundo (owed $70,528.50 as a vendor), (iii) Produce Pay, Inc. (owed $149,135.60 under a Factoring Agreement), and (iv) Silo Technologies (owed $423,702.00 under a Factoring Agreement). See Schedule E/F [ECF No. 1].

8. Additionally, proposed counsel fails to reference or otherwise disclose her relationship to Sunshine Tropical or its principal, Jaely Avila ("Ms. Avila"), who is also Ms. Molina's adult daughter. In fact, proposed counsel's engagement letter to the Debtor was sent directly to Ms. Avila at avilajaely@gmail.com. See Retainer Agreement [ECF No. 58].

9. Notably, the Debtor's DIP Account reflects receipt of multiple payments directly from Ms. Avila. *See* Debtor's February 2025 Monthly Operating Report [ECF No. 43], copied in relevant part as follows:

| Date | Description | Amount |
|---|---|---|
| 02/07 | Deposit  1260078484 | 18.47 |
| 02/11 | Zelle Payment From Jaely Avila Bacqezez762T | 1,500.00 |
| 02/11 | Zelle Payment From Jaely Avila Backhw5G3748 | 1,500.00 |
| 02/11 | Zelle Payment From Jaely Avila Back1K98Qsbi | 500.00 |

10. Additionally, Ms. Avila's company – Sunshine Tropical – has already received $75,000 in payments from the Debtor-in-Possession, none of which is supported or otherwise evidenced by any invoices. *See* Debtor's February 2025 Monthly Operating Report [ECF No. 43], and March 2025 Monthly Operating Report [ECF No. 44], copied in relevant part as follows:

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 02/05 | 02/05 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Invoice Ssn: 00512610 Trn: ▓▓▓▓▓▓6Es | 20,000.00 |
| 02/06 | 02/06 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Invoice 1348 Ssn: 00▓▓▓▓▓▓037Es | 20,000.0▓ |
| 02/25 | 02/25 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Factura 1374 Ssn: ▓▓▓065▓▓▓▓▓▓56Es | 3,500.00 |
| DATE | DESCRIPTION | AMOUNT |
| 02/26 | 02/26 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Pago Invoice Ssn: ▓▓▓▓710 T▓▓▓▓057Es | 5,500.00 |
| 03/04 | 03/04 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Invoice 1387 Platano Ssn: ▓▓▓557 T▓▓▓▓063Es | 6,000.0▓ |
| 03/05 | 03/05 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Miami FL 33122 US Ref: Pago Invoice Saldo Final ▓▓▓▓1▓▓▓▓5064Es | 4,500.00 |
| 03/18 | 03/18 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Fruit Miami FL 33122 US Ref: Invoice 1388 Ssn: 005▓▓▓▓▓77Es | 2,500.00 |
| 03/24 | 03/22 Online Realtime Vendor ▓▓▓▓▓920 Payment ID Reference#: ▓▓20Rx To Sunshine Tropical 0796 | 5,000.00 |
| 03/28 | 03/28 Online Domestic Wire Transfer Via: Bank of America, N.A./0959 A/C: Bank of America New York NY US Ben: Sunshine Tropical Fruit Miami FL 33122 US Ref: Invoice 1430 Ssn: ▓▓▓▓5087Es | 4,000.00 |
| 03/▓▓ | 03/▓▓ Online Realtime Vendor P▓▓▓▓▓▓7673 Payment ID Reference#: ▓673Rx To Sunshine T▓▓▓▓ | 2,000.00 |
| 03/31 | 03/29 Online Realtime Vendor P▓▓▓▓▓▓7363 Payment ID Reference#: ▓63Rx To Sunshine | 2,000.0▓ |

11.     Additionally, and as summarized in the below table, Ms. Molina – the Debtor's purported sole member and 100% owner - has been using the Debtor's DIP Account to pay for various personal expenses, including home mortgage payments, non-debtor SBA loan payments, and automobile lease payments for a Mercedes-Benz and a Lexus.

-4-

| Excerpts from Debtor's February and March 2025 MOR's | Apparent Purpose |
|---|---|
| 02/12 Orig CO Name:Selene Finance ... 3,376.52 | Ms. Molina's personal mortgage, for February 2025. |
| 03/14 Orig CO Name:Selene Finance ... 3,376.52 | Ms. Molina's personal mortgage, for March 2025 |
| 03/05 Orig CO Name:Sba Eidl Loan ... 720.00 | An SBA loan payment for Ms. Molina's other (non-debtor) company. |
| CHECK NO. 6019 — 03/10 $1,000.00; 6020 — 03/17 2,000.00; 6022 *^ — 03/24 2,500.00; Total Checks Paid $5,500.00 | Disbursements to Ms. Molina. |
| 02/03 Orig CO Name:Toyota ACH Lease ... $1,149.84 | Lexus auto lease for February 2025, which only appears on Ms. Molina's schedules. |
| 02/18 ... 1,819.13 | Mercedes-Benz auto lease for February 2025, which only appears on Ms. Molina's schedules |
| 03/03 Orig CO Name:Toyota ACH Lease ... $1,149.84 | Lexus auto lease for March 2025, which only appears on Ms. Molina's schedules |
| 03/17 ... 1,819.13 | Mercedes-Benz auto lease March 2025, which only appears on Ms. Molina's schedules |

*See* Debtor's February 2025 Monthly Operating Report [ECF No. 43], and March 2025 Monthly Operating Report [ECF No. 44].

-5-

## OBJECTIONS TO APPLICATION

12. Proposed counsel's representation of the Debtor, along with its concurrent representation of Ms. Molina in a separate bankruptcy proceeding creates an impermissible conflict of interest under 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

### A. Counsel is not "Disinterested" Under 11 U.S.C. 327(a).

13. Section 327 permits the employment of attorneys who "do not hold or represent an interest adverse to the estate, and that are disinterested persons." *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859 (Bankr.M.D.Fla.2000).

14. Although the phrase "interest adverse to the estate" is not defined in the Bankruptcy Code, it is generally found that a person holds or represents such an interest if he possesses an "economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant ... or ... a predisposition under the circumstances that render such a bias against the estate." *In re Prince,* 40 F.3d 356, 361 (11th Cir.1994) (citations omitted); *In re Creative Desperation Inc*., 415 B.R. 882, 897–98 (Bankr. S.D. Fla. 2009), as amended (Sept. 14, 2009), aff'd sub nom. *Franken v. Mukamal*, No. 10-61207-CIV, 2011 WL 294413 (S.D. Fla. Jan. 27, 2011), aff'd, 449 F. App'x 776 (11th Cir. 2011).

15. Concurrent representation of the Debtor and its sole shareholder may be a conflict of interest because "a lawyer owes his allegiance to the entity and not to the stockholder, director, officer, employee, representative or other person connected with the entity." *In re King Resources Co.,* 20 B.R. 191, 200 (D.Colo.1982), and *see In re Grabill Corp.,* 113 B.R. 966, 969 (Bankr.N.D.Ill.1990); *In re Kendavis Industries Intl, Inc.,* 91 B.R. 742, 752 (Bankr.N.D.Tex.1988); *In re Roger J. Au & Son, Inc.,* 71 B.R. 238, 243 (Bankr.N.D.Ohio 1986). In re EWC, Inc., 138 B.R. 276, 284 (Bankr. W.D. Okla. 1992).

16. Loyalty to an insider could compromise the Debtor's estate. *In re Pillowtex, Inc.*, 304 F.3d 246, 251 (3d Cir. 2002). Professionals representing both the debtor-in-possession and its sole shareholder, are disqualified with representation of either puts the professional in a position where it "represents an interest adverse to the estate." *In re EWC, Inc.*, 138 B.R. 276, 281 (Bankr. W.D. Okla. 1992).

17. Here, proposed counsel for the Debtor is already in a position where its clients have diverging interests. Proposed counsel may soon be required to choose between recovering property of the Debtor's estate from Ms. Molina (e.g. the post-Petition Date mortgage payments, Mercedes-Benz and/or Lexus lease payments, and non-debtor SBA loan payments, as well as any avoidable pre-Petition Date transfers) or forgoing the pursuit of such claims in favor of Ms. Molina, individually. "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." *In re Roger J. Au & Son, Inc.,* 101 B.R. 502, 505 (Bankr.N.D.Ohio 1989). This is more than a mere appearance of conflict, but the existence of an actual or potential conflict.

**B.     The Conflict is Non-Waivable and Prejudicial to Creditors.**

18. Even if disclosed, the conflicts cannot be waived. Here, creditors of the Debtor's estate (including Silo) are inherently prejudiced by proposed counsel's dual representation of the Debtor and Ms. Molina, particularly given that proposed counsel will likely (a) fail to pursue pre-petition and post-petition avoidance actions against Ms. Molina, (b) favor the treatment of Ms. Molina, individually, over that of creditors of the Debtor's estate, and (c) favor the treatment of Ms. Molina's family and other insiders (including, without limitation, Ms. Molina's husband and adult daughter) over that of creditors of the Debtor's estate.

19. Unless and until proposed counsel provides evidence of disinterestedness that evinces, among other things, that Ms. Molina is a personal guarantor of the Debtor's various

merchant cash advance loans, office lease agreement, and business credit card debt, and that proposed counsel is disinterested from Ms. Molina, Ms. Avila, Ms. Molina's husband (Jorge T. Avila), Sunshine Tropical, or any other insiders of the Debtor, the Application should be denied.

**WHEREFORE**, JFUN AR I, LLC f/k/a Silo Technologies, Inc. respectfully requests the entry of an Order (a) denying the Application, (b) disqualifying proposed counsel from representing the Debtor, (c) requiring proposed counsel to disgorge attorneys' fees received to date, and (d) granting such other and further relief as the Court deems just and proper.

Dated: May 13, 2025                                      Respectfully submitted,

                                                         */s/ Harris J. Koroglu*
Bruce W. Akerly (admitted *Pro Hac Vice*)                Harris J. Koroglu
Robert N. Loughran (admitted *Pro Hac Vice*)             Florida Bar No. 32597
**AKERLY LAW PLLC[4]**                                   **SHUTTS & BOWEN LLP**
2785 Rockbrook Drive, Suite 201                          200 South Biscayne Blvd., Suite 4100
Lewisville (DFW), TX 75067                               Miami, FL 33131
Telephone: (469) 444-1864                                Telephone: (305) 347-7314
E-mail: bakerly@akerlylaw.com                            E-mail: hkoroglu@shutts.com
        rloughran@akerlylaw.com

*Counsel for JFUN AR I, LLC f/k/a Silo Technologies, Inc.*

---

[4] The undersigned attorneys are appearing *pro hac vice* in this matter pursuant to the following Orders Admitting Attorney *Pro Hac Vice*: (i) Bruce W. Akerly [ECF No. 28]; and (ii) Robert N. Loughran [ECF No. 29].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2025, a true and correct copy of the foregoing was served on all parties receiving notice in this case via CM/ECF and via first class U.S. Mail to the parties listed below.

/s/ *Harris J. Koroglu*
Harris J. Koroglu
Florida Bar No. 32597

Del Valle Import, LLC
7890 NW 15 Ct.
Hollywood, FL 33024

MIADOCS 29952738 1