

**ORDERED in the Southern District of Florida on June 10, 2025.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

Del Valle Import LLC,

      Debtor.
_____/

Case No. 25-10078-PDR

Chapter 11

**ORDER TO SHOW CAUSE WHY (I) PRO HAC STATUS SHOULD
NOT BE REVOKED; AND (II) CASE SHOULD NOT BE DISMISSED**

This matter came before the Court *sua sponte,* upon review of the docket and various orders submitted to chambers. Debtor's counsel has been informed of her non-compliance with the rules and procedures of this district, as well as failures to comply with this Court's Orders.

The Debtor and the Debtor's counsel failed to appear in person at the status conference scheduled for February 13, 2025.[1] The Debtor failed to obtain a re-notice of hearing for the status conference. The Debtor finally reset a status conference for May 1, 2025.[2]

On May 1, 2025 (the "Hearing"), the Court conducted a status conference together with a preliminary hearing on the *Debtor's Application to Employ Law Offices of Alla Kachan, PC* (the "Application to Employ").[3] At the Hearing, the Court conducted and concluded the status conference, and admonished Debtor's counsel, Ms. Kachan, for her failure to disclose dual representation of the Debtor's principal, Yasmin-Katerine Molina-Loor (Case No. 25-10080-PDR), and for the failure of local counsel, Allison Friedman, to file an application authorizing her employment as required under 11 U.S.C. § 327. Ms. Kachan was instructed to modify her disclosures, and a continued hearing on the Application to Employ was set for May 15, 2025, at 2:30 p.m. At the Hearing, the Court also expressed concern that neither pro hac counsel, Alla Kachan, nor local counsel, Allison Friedman, seemed to possess working

---

[1] The Court's webpage (https://www.flsb.uscourts.gov/judges/judge-peter-d-russin) has specific guidelines regarding requirements and procedures for appearing remotely. Notwithstanding those requirements, Debtor's counsel failed to obtain the Court's authorization to appear remotely in advance of the status conference.

[2] The status conference was reset via an *Order Continuing Status Conference* (Doc. No. 48) uploaded by local counsel. However, that Order repeatedly referred to it as a "scheduling conference." Counsel was advised at the May 1, 2025, status conference that any reference by counsel to a scheduling conference and "associated deadlines" in the order was incorrect, and that the Court would be conducting a status conference as initially noticed.

[3] Doc. No. 41. The Application to employ was not filed until April 1, 2025, almost 3 months after the January 6, 2025, petition date.

knowledge of the *Court's Guidelines for Preparing and Submitting Orders*[4], the Court's *Local Rules*[5] and procedures.[6]

Local Rule 5005-1(G)(1)(a) requires counsel to upload an order for the Court's consideration no later than 4:30 p.m. on the seventh day following the hearing, so in this case, May 8, 2025. An order continuing the hearing on the Application to Employ was never uploaded pursuant the *Court's Guidelines for Preparing and Submitting Orders*.

Taken together, these issues, among others, evidenced a lack of sufficient knowledge by out of state counsel to practice in this district and a lack of adequate supervision by local counsel. Accordingly, on May 12, 2025, the Court entered an *Order to Show Cause Why (I) Pro Hace Vice Status Should Not Be Revoked; (II) Local Counsel Should Not Be Prohibited from Serving as Local Counsel in Future Matters; and (III) Case Should Not Be Dismissed* (the "Order to Show Cause") directing Debtor's proposed general counsel, Alla Kachan, and local counsel, Allison Friedman to appear for a hearing on May 15, 2025 (the "OSC Hearing").[7] Local counsel, Allison Friedman, withdrew her appearance as local counsel[8] in advance of the OSC Hearing.

---

[4] https://www.flsb.uscourts.gov/guidelines-preparing-submitting-and-serving-orders

[5] https://www.flsb.uscourts.gov/local-rules

[6] https://www.flsb.uscourts.gov/judges/judge-peter-d-russin

[7] Doc. No. 61.

[8] Doc. No. 63.

The Court did not revoke Ms. Kachan's pro hac vice status at the OSC Hearing, but instead entered an Order Denying the Application to Employ and providing that Ms. Kachan may elect to proceed as either counsel in this case or as counsel for the Debtor's principal, Ms. Molina-Loor, but she must do so on or before May 22, 2025 (the "Employment Order").[9] The Employment Order instructed Ms. Kachan to file a notice on the record of the case in which she and her firm had elected to proceed as proposed counsel.[10] The Debtor was instructed to file a new application to employ counsel, and local counsel, to the extent needed by the Debtor, was to be identified and a retention application for local counsel filed by May 29, 2025.[11]

Ms. Kachan and the Debtor failed to abide by the Court's Order.[12] The Debtor has failed to file a new application to employ counsel or retain local counsel as required by the Employment Order. The case was filed in January of 2025, and has made little to no progress to date.

Ms. Kachan and the Debtor are directed to appear before this Court to show cause why they should not be sanctioned. Such sanctions may include the revocation of Ms. Kachan's *pro hac vice* status, the dismissal of the case, and any other sanctions

---

[9] Doc. No. 81.

[10] Id.

[11] Id.

[12] Ms. Kachan, acting without local counsel, lacks the ability to electronically file documents. Instead of obtaining qualified local counsel to assist, Ms. Kachan has instead been routinely emailing the courtroom deputy her filings, including correspondence meant to serve as notice that she had elected to proceed with representation in this matter and not in the matter of Yasmin-Katerine Molina-Moor. This is ex parte communication explicitly prohibited by the Court's procedures. (https://www.flsb.uscourts.gov/judges/judge-peter-d-russin). She has continued to do so even after admonishment by the Court.

that the Court determines are warranted. The hearing will be conducted on **July 3** at **1:30 p.m**. at the United States Bankruptcy Court, 299 East Broward Blvd., Courtroom 301, Fort Lauderdale, FL  33301. Although the Court will conduct the hearing in person, the Court's webpage (https://www.flsb.uscourts.gov/judges/judge-peter-d-russin) has specific guidelines regarding requirements and procedures for appearing remotely.

# # #

Copies to:
All parties in interest.